IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-821-BO

| | | |
|---|---|---|
| OUIJA EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on February 5, 2014, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed for DIB and SSI on September 27, 2010, alleging disability since September 9, 2010. Plaintiff's claim was denied initially and on reconsideration. After conducting a hearing and considering the claim de novo, an Administrative Law Judge (ALJ) found that plaintiff was not disabled in a decision issued on April 11, 2012. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review, and plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and she had not engaged in any substantial gainful activity since her alleged onset date,, the ALJ determined that plaintiff had the following severe impairments: osteoarthritis, residuals from knee replacement surgery, and obesity. The ALJ went on to find that plaintiff did not have an impairment or combination of

2

impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform sedentary work with only occasional postural activities. At step four, the ALJ found that plaintiff could perform her past relevant work as a customer service clerk and receptionist. Accordingly, the ALJ found that plaintiff was not disabled.

The ALJ found that plaintiff's depression and anxiety were not severe impairments at step two of the sequential process. This decision was based on the ALJ's comparison of plaintiff's symptoms to the paragraph B criteria of Listing 12.00C and her finding that plaintiff's depression and anxiety cause no more than minimal limitations on her ability to perform basic mental activities. In making this finding, however, the ALJ failed to discuss any of the relevant medical evidence that would suggest that plaintiff's depression and anxiety caused more than minimal limitations. For example, though plaintiff denied having depression or anxiety in September 2010, a consultative examiner in November 2010 diagnosed plaintiff with depressive disorder and opined that plaintiff appeared to be very depressed, that plaintiff's ability to interact with peers was questionable, and that her emotional stability in a competitive work environment was questionable. Tr. 397. In March 2011, plaintiff was diagnosed with moderate recurrent major depressive disorder and generalized anxiety disorder and reported that she had difficulty concentrating and her social isolation had worsened. Tr. 489-90. Though the ALJ notes Global Assessment of Functioning (GAF) scores of 60 in her decision, in November 2010 the consultative examiner assigned plaintiff a GAF of 55 and in May 2011 she was assigned a GAF of 44. Tr. 506. Because this evidence was not addressed by the ALJ at step two, the Court cannot conduct a meaningful review of the ALJ's decision and a remand for further consideration and explanation is appropriate.

Additionally, even if plaintiff's depression and anxiety were properly determined not to be

3

severe impairments, the ALJ was required to address both severe and non-severe impairments in formulating plaintiff's RFC. SSR 96-8p. Indeed, non-severe impairments "may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim." *Id.* As the record does not reflect that these conditions were fully considered when determining plaintiff's RFC, remand is appropriate.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 22] is GRANTED and defendant's motion for judgment on the pleadings [DE 27] is DENIED. This matter is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this ___27___ day of February, 2014.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4